UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLIE ERVIN CHADWICK, | No. 2:20-cv-01264 WBS GGH P |
| Plaintiff, | |
| v. | ORDER |
| RICK HILL, Warden | |
| Defendant. | |

----oo0oo----

Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 25, 2021, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed

1

within twenty-one days.  (See Docket No. 17.)  Petitioner has filed objections to the findings and recommendations. (See Docket No. 21.)

Petitioner contends that the magistrate judge erred when he held that a "thin reed of evidence" showing that the victim entered petitioner's house in a violent (as opposed to angry) fashion could support a finding that the victim "forcibly entered" petitioner's home and was sufficient to justify counsel's decision to advise her client that he did not need to testify to support his claim of self-defense.  (See Docket No. 21 at 2.)  Petitioner argues that this "this reed" of evidence establishes only that the victim acted in an arguably "violent" manner upon entry into the residence but not that she engaged in violence or acted unlawful and forcibly in order to gain entry into the residence, as required for California Criminal Jury Instruction No. 3477 to apply. [1]  (See id. at 3.)

The Supreme Court has instructed that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Cullen v. Pinholster, 563 U.S. 170, 189 (2011)(internal citations omitted).  The court agrees that trial

---

[1] California Criminal Jury Instruction No. 3477 raises the presumption that the resident was reasonably afraid of death or great bodily injury if: (1) an intruder unlawfully and forcibly (entered/[or] was entering) the defendant's home; (2) the defendant knew [or reasonably believed] that an intruder unlawfully and forcibly (entered/[or] was entering) the defendant's home; (3) the intruder was not a member of the defendant's household or family;; and (4) the defendant used force intended to or likely to cause death or great bodily injury to the intruder inside the home. (See Cal. Crim. Jury Instruction No. 3477.)

counsel's reliance on the jury instruction in lieu of petitioner's testimony was not unreasonable.  The trial court agreed with petitioner's trial counsel that the jury might conclude that a forcible entry had occurred given the victim's aggressive manner when she entered into the house. (See Docket No. 17 at 13.)  Moreover, petitioner's trial counsel stated that she had practiced putting the defendant on the stand but determined that he was a poor witness who was easily rattled into becoming hostile.  (See id. at 8.)  Petitioner's prior domestic abuse convictions, violent crimes, and other crimes of moral turpitude would have been permitted for impeachment purposes had petitioner decided to take the stand and were bound to have significantly influenced the jury's perception of petitioner's credibility.  (See id. at 14.)  Given the deference granted to the tactical decisions of counsel, defendant does not come close to establishing ineffective assistance of counsel, much less that he was prejudiced by counsel's conduct.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Because the court concludes that "jurists of reason" could reach different conclusions with respect to plaintiff's ineffective assistance of counsel claim, the court will issue a certificate of appealability on that issue under 28 U.S.C. § 2253(c).  See Fed. R. App. P. 22(b); Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 25, 2020 are adopted in full;

2. The habeas petition is denied; and

3. The court issues a certificate of appealability as to petitioner's ineffective assistance of counsel claim.

Dated: March 15, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE